[Cite as *Homestead Interiors, Inc. v. Hines*, 2026-Ohio-3066.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| HOMESTEAD INTERIORS, INC., | **CASE NO. 2026-G-0007** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Chardon Municipal Court |
| PHILLIP HINES, | |
| Defendant-Appellant. | Trial Court No. 2018 CVF 00577 |

## OPINION AND JUDGMENT ENTRY

Decided: August 10, 2026
Judgment: Affirmed

*George L. Badovick*, 13033 Ravenna Road, Chardon, OH 44024 (For Plaintiff-Appellee).

*Glenn E. Forbes*, Forbes Law, L.L.C., 166 Main Street, Painesville, OH 44077 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Phillip Hines, appeals the Judgment Entry of the Chardon Municipal Court awarding attorney fees to Appellee, Homestead Interiors, Inc., after finding that Appellant's Consumer Sales Practices Act ("CSPA") Counterclaim was groundless and maintained in bad faith.

{¶2} Appellant raise two assignments of error, arguing, first that the trial court erred in finding that his Counterclaim was groundless and brought in bad faith; and second, that the trial court erred in awarding Appellee attorney fees because Appellee failed to demonstrate the fees were reasonable and because Appellee was not the prevailing party on prior appeals in this matter.

{¶3} Having reviewed the record and the applicable caselaw, we find Appellant's assignments of error to be without merit. The trial court did not abuse its discretion by determining that Appellant's CSPA Counterclaim was groundless and maintained in bad faith because Appellant offered little or no evidence to support his claim and did not provide physical, documentary, expert, or other witness testimony that went beyond the bare assertions in his Counterclaim.

{¶4} Next, Appellee was the prevailing party and, although Appellant received procedural relief in an interlocutory appeal during litigation, Appellant's Counterclaim was ultimately groundless and maintained in bad faith. Appellee ultimately was the prevailing party. Therefore, Appellee is entitled to receive attorney fees under R.C. 1345.09(F). Further, Appellee presented testimony and invoices to support the reasonableness of the award of attorney fees. This matter has been in litigation for eight years, and the total fee award was reasonable in light of the nature of litigation and the hourly rate charged was reasonable based on Attorney Badovick's experience.

{¶5} Therefore, we affirm the judgment of the Chardon Municipal Court.

## Substantive and Procedural History

{¶6} Litigation began in this matter on June 18, 2018, when Appellee filed a small claims complaint against Appellant for $600.00 for Appellant's failure to pay for carpet installation.

{¶7} Appellant filed an Answer and Counterclaim, alleging that Appellee had violated the CSPA; had damaged his personal property; and had breached express and implied warranties of merchantability. Appellant sought $14,000.00 in damages, plus costs, attorney fees, and punitive damages.

{¶8}    Prior to trial, Appellee filed a "Motion in Limine to Strike Defendant's Expert Testimony and Motion for Sanctions." The magistrate granted the motion to strike and ordered Appellee to submit a fee bill for attorney fees. Appellant filed an appeal from the Magistrate's Order denying his motion to set aside the order. However, the parties ultimately resolved the issues on appeal, and the appeal was dismissed upon request. The parties requested that the trial court vacate the sanctions order, and the trial court granted the request.

{¶9}    A bench trial proceeded before a magistrate on August 1, 2019. In brief, Appellant purchased carpet for his residence from Appellee in December 2017. Appellant and his wife noticed the color was not as anticipated and informed Appellee. They also complained of an unsightly seam. Appellant also said that Appellee's installers had damaged an antique table.

{¶10}   Appellee repaired the unsightly seam, but Appellant was unsatisfied with the repair. Appellant attempted to make a payment on the invoice, but his credit card was declined. Thereafter, Appellant refused to pay the remaining $600.00 owed for the installation.

{¶11}   Appellee sent a sample of the carpet to the manufacturer for testing. The result indicated the sample was within the accepted variance range. The manufacturer noted that color may vary due to different dye lots. Appellant introduced one photograph to support his Counterclaim.

{¶12}   The magistrate ruled in favor of Appellee, awarding $600.00 in damages plus attorney fees, and ruled against Appellant on his Counterclaim. Appellant filed objections to the Magistrate's Decision, but the trial court never ruled on the objections.

Nevertheless, the magistrate held a hearing on attorney fees and recommended that Appellee should be awarded attorney fees in the amount of $7,850.00. Appellant objected to this decision as well. The trial court overruled this second objection, and Appellant appealed.

{¶13} In *Homestead Interiors, Inc. v. Hines*, 2021-Ohio-1014 (11th Dist.) ("*Homestead I*"), we ruled that the trial court erred by granting Appellee attorney fees without first overruling Appellant's objections to the Magistrate's Decision prior to issuing a final judgment and remanded the matter. *Id.* at ¶ 17-18.

{¶14} After remand, the trial court overruled Appellant's objections to the Magistrate's Decision and issued a Judgment Entry in favor of Appellee that ordered Appellant to pay $600.00 plus interest and that a hearing be set before the magistrate on the issue of attorney fees. After a hearing, the magistrate issued a Magistrate's Decision which recommended that Appellant pay $7,850.00 in attorney fees. Appellant filed objections to the Magistrate's Decision.

{¶15} On June 15, 2020, the trial court issued a Judgment Entry adopting the Magistrate's Decision. The trial court issued attorney fees based on R.C. 1345.09(F), and Appellant filed an appeal.

{¶16} In *Homestead Interiors, Inc. v. Hines*, 2022-Ohio-3700 (11th Dist.) ("*Homestead II*"), we affirmed the trial court's decision as to the trial court's judgment in favor of Appellee and dismissing Appellant's Counterclaim. *Id.* at ¶ 12-16, 27, 39. However, the trial court never made the findings that Appellant's Counterclaim was groundless or was brought or maintained in bad faith. *Id.* at ¶ 37. Because of this, we

Case No. 2026-G-0007

reversed the trial court's award of attorney fees and remanded for further proceedings. *Id.* at ¶ 39.

{¶17} On November 10, 2022, the trial court issued an order that stated:

This matter came on for consideration upon a remand from the Eleventh District Court of Appeals on October 17, 2022.

After review, the Court finds that based upon the record, [Appellant's] Counterclaim was groundless and [Appellant] maintained the action in bad faith. As a result, [Appellee] remains entitled to the Judgment of $7,850.00, as originally awarded under the CSPA on a Judgment Entry filed and journalized with the Court on June 15, 2020.

In addition, a hearing will be set forthwith before the Magistrate to determine whether additional Attorney's fees should be awarded.

IT IS SO ORDERED.

{¶18} Appellant filed a Request for Findings of Fact and Conclusions of Law. While that motion was pending, Appellant appealed the November 10, 2022 Judgment Entry. We dismissed the appeal for lack of a final appealable order because Appellant had filed his notice of appeal while his Request for Findings of Fact and Conclusions of law remained pending and because there was no final appealable order as the trial court had not addressed the issue of additional attorney fees. *Homestead Interiors, Inc. v. Hines,* 2023-Ohio-413, ¶ 6-8. (11th Dist.) ("*Homestead III*").

{¶19} On September 28, 2023, the trial court issued a Judgment Entry overruling Appellant's Request for Findings of Fact and Conclusions of law. The trial court stated that the September 4, 2019 Magistrate's Decision that it adopted on September 10, 2021, included findings of fact and conclusions of law. The Judgment Entry further stated that Appellant had not shown a good faith basis for bringing or maintaining his Counterclaim under R.C. Ch. 1345 and that Appellee was entitled to attorney fees as a result. Further,

the trial court said that it awarded attorney fees in its May 23, 2022 Nunc Pro Tunc Order. Therefore, the trial court determined that findings of fact and conclusions of law had "been previously delineated as part of this Court's record."

{¶20} The trial court scheduled an evidentiary hearing on the issue of additional attorney fees for October 26, 2023.

{¶21} However, on October 18, 2023, Appellant filed an appeal of the trial court's Judgment Entry overruling his Request for Findings of Fact and Conclusions of Law. We dismissed that appeal for lack of a final appealable order because the trial court had not yet ruled on the issue of attorney fees. *Homestead Interiors, Inc. v. Hines*, 2024-Ohio-1527, ¶ 12-13 (11th Dist.) ("*Homestead IV*").

{¶22} On January 23, 2025, the trial court held an evidentiary hearing on attorney fees before the magistrate.

{¶23} On May 5, 2025, the magistrate issued a Magistrate's Decision. The Magistrate's Decision found that an hourly rate of $250.00 was reasonable. "A substantial amount of time and labor required of counsel including numerous pleadings, and several appearances in this Court and in the Court of Appeals" justified the hours billed.

{¶24} The magistrate recommended that Appellee's attorney fees relating to the court of appeals be granted and that fees of $17,775.00 (which included the prior $7,850.00 fee previously awarded) be awarded to Appellee. The magistrate rejected Appellant's argument that Appellee was not the prevailing party on appeal.

{¶25} On May 19, 2025, Appellant filed Objections to the Magistrate's Decision and raised two objections: (1) "the Magistrate confused the burdens with respect to an

Case No. 2026-G-0007

award of appellate fees" and (2) "the Magistrate erred in determining that [Appellee's] attorney's own attorney testimony was sufficient to establish reasonableness."

{¶26} On January 12, 2026, the trial court overruled Appellant's objections. First, the trial court said Appellee was the prevailing party on appeal because the underlying judgment of $600.00 had not been modified or remanded for a new trial despite reversals on procedural issues and remands on whether a judgment was a final appealable order. The trial court said that its original judgment in favor of Appellee and against Appellant on his CSPA Counterclaim both remained in full effect.

{¶27} The trial court also rejected Appellant's argument that Appellee could not establish attorney fees solely through his own attorney's testimony. The trial court rejected this argument because Appellee identified invoices for the work performed "as well as the hourly rate of $250.00 [that] has remained the same during the nearly eight years this case has been litigated." The trial court also noted that Appellant had failed to cross-examine Appellee's counsel about whether the work performed in the case was necessary or if it was beyond a professional skill needed in the case. Further, "[n]o cross examination was made as to experience, hourly rate, etc." Therefore, the trial court concluded that Appellee had met its burden of establishing reasonable attorney fees, overruled Appellant's objections, and adopted the Magistrate's Decision.

{¶28} On January 20, 2026, Appellant filed a Motion for Findings of Fact and Conclusions of Law.

{¶29} On February 18, 2026, the trial court denied the motion because Appellant failed to timely request findings of fact and conclusions of law after the magistrate issued the Magistrate's Decision on May 5, 2025.

Case No. 2026-G-0007

{¶30}  Appellant timely appealed raising two assignments of error.

**Assignments of Error and Analysis**

{¶31}  Appellant's first assignment of error states: "The Court erred in finding that Defendant Appellant's Claim was groundless and brought and maintained in bad faith."

{¶32}  Appellant's assignment of error raises two issues: first, that the trial court erred in determining that Appellant's CSPA Counterclaim was groundless and that he brought and maintained his Counterclaim in bad faith; and second, that the trial court erred in holding that Appellant failed to prove his claim because he did not present expert testimony in support of the color variation in the carpet.

**Groundless/Brought and maintained in bad faith:**

{¶33}  R.C. 1345.09(F) provides:

> The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed and limited pursuant to section 1345.092 of the Revised Code, if either of the following apply:
>
> (1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith . . . .

{¶34}  "Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees . . . ." *Wilborn v. Bank One Corp.,* 2009-Ohio-306, ¶ 7.

{¶35}  "As a general rule, the prevailing party may not recover attorney fees as costs of litigation in the absence of statutory authority unless the opposing party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons." *Buist v. Columbiana Buick Olds Cadillac Inc.*, 2001 WL 96138, * 1 (7th Dist. Feb. 1, 2001).

{¶36} R.C. 1345.09(F) grants trial courts the discretionary authority to award attorney fees. *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 29 (1990). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error." *Id.* at ¶ 67. "By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.*

{¶37} The CSPA "allows for the award of attorney fees not only against a supplier who has knowingly committed an act or practice in violation of the statute but also against a consumer bringing a complaint under the [CSPA] where such claim was groundless and brought or maintained in bad faith." *Palmer v. Daniel Troth & Son Builders, Inc.*, 1998 WL 255566, * 5 (10th Dist. May 19, 1998). "'[P]rior to making an award of attorney's fees under R.C. 1345.09(F)(1), the trial court must make a determination that the consumer arguing a violation of this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith.'" *Homestead II*, 2022-Ohio-3700, at ¶ 35 (11th Dist.), quoting *McPhillips v. United States Tennis Assn. Midwest*, 2007-Ohio-3595, ¶ 21 (11th Dist.).

{¶38} "[A] claim is 'groundless,' for purposes of assessing attorney fees, if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by credible evidence at trial." *Palmer* at *5. "This test

Case No. 2026-G-0007

assumes that the proponent has a valid legal theory but can offer little or nothing in the way of evidence to support the claim." *Id.*

{¶39} Next, a claim is filed or maintained in bad faith where the filing of the claim involves "'[d]ishonesty of belief or purpose.'" *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 2010-Ohio-5073, ¶ 8, quoting *Black's Law Dictionary* (9th Ed. 2009).

> A lack of good faith is the equivalent of bad faith, and bad faith, although not susceptible of concrete definition, embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrong-doing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces the actual intent to mislead or deceive another.

*Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148 (1962), paragraph two of the syllabus, *overruled on other grounds Zoppo v. Homestead Ins. Co.*, 1994-Ohio-461.

{¶40} In *Palmer*, 1998 WL 255566 (10th Dist. May 19, 1998), the losing party in a CSPA action appealed the award of attorney fees. The claim was found to be groundless after the trial court dismissed the plaintiffs' CSPA claim at the end of their case in chief because there was "no proof whatsoever" that the defendant engaged in "any unfair or deceptive practice." *Id.* at *6. The trial court failed to explain its finding that the plaintiff filed or maintained the action in bad faith. *Id*. However, the Tenth District found that bad faith was apparent from the record because "the trial court indicated that various aspects of plaintiffs' case 'concern me in terms of bad faith on behalf of the plaintiff.'" *Id.*

{¶41} In this case, we previously determined that Appellant "presented the testimony of himself, his wife, and one picture of the installed carpet for the magistrate to compare with the carpet sample entered into evidence by [Appellee]." *Homestead II*, 2022-Ohio-3700, at ¶ 18 (11th Dist.). We said that Appellant "failed to present any

Case No. 2026-G-0007

evidence to dispute [Appellee's] arguments regarding the color being within the industry standard deviations." *Id.*

{¶42} The Magistrate's Decision finding in favor of Appellee and against Appellant's Counterclaim found that Appellant did not offer evidence but "just continued to say it was wrong." Further, Appellant "denied twice that color was a consideration in his original choice of carpet . . . . Other than reciting the allegations contained in the pleadings there was simply nothing for the Court to evaluate." Appellant also attempted to make a payment on the $600.00 balance, but his credit card was declined.

{¶43} Moreover, the Magistrate's Decision dismissed Appellant's argument that the carpet installation was completed in an unworkmanlike fashion because a seam was visible in the carpet. The invoice stated in capital letters directly above the signature line that "SEAMS MAY BE VISIBLE."

{¶44} Appellant also claimed that a table was damaged during the installation. However, Appellant did not provide evidence of the cost to repair the table.

{¶45} After our remand in *Homestead II*, the trial court determined that "based upon the record" Appellant's Counterclaim was groundless and maintained in bad faith.

{¶46} Although the Magistrate's Decision had not specifically addressed whether Appellant's Counterclaim was groundless or brought in bad faith, the trial court was able to do so "based upon the record," the relevant portions of which have been briefly summarized above. Although Appellant's Counterclaim would have been sufficient to survive a motion to dismiss, it was nevertheless groundless because he offered "little or nothing in the way of evidence to support the claim." *See Palmer*, 1998 WL 255566, at *5 (10th Dist. May 19, 1998).

Case No. 2026-G-0007

**{¶47}** Similarly, Appellant's failure to present evidence to dispute Appellee's arguments demonstrated the bad faith in which the claim was brought or maintained. Appellant's ill will and ulterior motivation for pursuing his CSPA Counterclaim was made apparent by Appellant's admission that color was not a consideration in choosing the carpet because Appellant was recarpeting in order to sell the house and because Appellant attempted to make a payment on the $600.00 balance after the installation. These facts suggest a "dishonest purpose," "moral obliquity," or "some ulterior motive" governed the decision to file the CSPA Counterclaim seeking punitive damages. *Slater*, 174 Ohio St. 148 (1962), at paragraph two of the syllabus,

**Expert testimony:**

**{¶48}** Appellant's arguments under this portion of his assignment of error go to the underlying claim, which we previously affirmed in *Homestead II*. In that decision, we addressed Appellant's arguments relating to expert testimony and need not revisit those arguments here. *See Homestead II,* 2022-Ohio-3700*,* at ¶ 19-20 (11th Dist.).

**{¶49}** Accordingly, Appellant's first assignment of error is without merit.

**{¶50}** Appellant's second assignment of error states: "The Court erred in granting attorney fees for Plaintiff when Plaintiff made no showing of reasonableness and was not the prevailing party on appeal."

**{¶51}** Appellant raises two issues under this assignment of error. Under the first issue, he argues that Appellee "was not the prevailing party on some or all of the appeals." He also argues that Appellee should only be entitled to receive attorney fees for the portion of the case relating to the CSPA Counterclaim and not the collections claim.

{¶52} Under the second issue, Appellant argues that Appellee failed to provide sufficient evidence to establish reasonable attorney fees. He argues that it was Appellee's burden to demonstrate the reasonableness of his billing by demonstrating that he separately billed the hours spent defending the Counterclaim from Appellee's Complaint.

{¶53} The decision regarding whether and how much to award for attorney fees is within the sound discretion of the trial court. *Lake Breeze Condominium Homeowners' Assn. v. Eastlake Ohio Developers, L.L.C*., 2022-Ohio-3002, ¶ 54 (11th Dist.). "Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere." *White v. Lima Auto Mall, Inc.*, 2009-Ohio-411, ¶ 15 (3d Dist.) A trial court judge has "an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court." *Id.* at ¶ 16.

{¶54} "A 'prevailing party' is one in whose favor the decision or verdict is rendered and judgment entered." *Mike McGarry & Sons, Inc. v. Marous Bros. Constr., Inc*., 2010-Ohio-823, ¶ 45 (11th Dist.). "[A] party who received a jury verdict in his favor and was awarded damages, no matter how small, has prevailed in the suit." *Haynes v. Christian*, 2009-Ohio-3973, ¶ 6 (9th Dist.). A prevailing party is one who has obtained some relief in an action, even if that party has not sustained all claims. *J.B.H. Properties, Inc. v. N.E.S. Corp*., 2007-Ohio-7116, ¶ 15 (11th Dist.). Characterizing "prevailing party" as a legal term of art, the United States Supreme Court has stated that it means "'[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . .'" *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 603 (2001), quoting *Black's Law Dictionary* (7th Ed. 1999). The Supreme

Court further held that "'respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.'" *Id*., quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). "[A]n award of nominal damages suffices under this test." *Id.* at 604.

{¶55}  A party "'prevails' on appeal within the meaning of R.C. 1345.09(F) if it obtains a substantial modification of the trial court's judgment." *Parker v. I&F Insulation Co., Inc.,* 2000-Ohio-151, ¶ 12. However, a party need not have a "complete victory" on appeal in order to be entitled to attorney fees for the appellate work. *Id.*  A prevailing party within the context of a consumer CSPA claim is one who is "awarded either rescission or damages by the trial court." *Id.* at ¶ 13. In general, "'[a] party who appeals an order or judgment and prevails to the extent that he obtains a new trial, or a modification of the judgment, is a "prevailing party,"'" and nothing requires that a party have "'the entire matter determined in his favor without a remand to the tribunal from which the appeal is taken for further proceedings.'" *Id.*, quoting *Korn v. Ohio State Med. Bd.*, 71 Ohio App.3d 483, 487 (10th Dist. 1991).

{¶56}  Courts have recognized that merely submitting an attorney's itemized bill is insufficient to establish the reasonableness of the amount of work billed. *E.g., Whitaker v. Kear*, 123 Ohio App.3d 413, 424 (4th Dist. 1997). Often, parties offer expert testimony to establish that the hours charged was reasonable in light of the litigation's particular facts. *E.g., Hawkins v. Miller*, 2011-Ohio-6005, ¶ 28 (11th Dist.) (affirming award of attorney fees where expert testified to the amount of time and hourly rate charged). A trial court may rely on its knowledge of hourly rates charged in the court's geographical area to determine whether an hourly rate is reasonable. *See Mike Castrucci Ford Sales, Inc.*

*v. Hoover*, 2009-Ohio-4823, ¶ 20 (12th Dist.). In addition, an attorney's affidavit in support of the hours expended on a case may be sufficient to establish reasonable attorney fees. *See id.*

{¶57} The amount of attorney fees awarded to a judgment under R.C. 1345.09(F) need not bear a direct relationship to the amount of the settlement. *Bittner v. Tri-Cty. Toyota, Inc.*, 58 Ohio St.3d 143, 144 (1991). The purpose of the fee shifting under CSPA claims is "to prevent unfair, deceptive, and unconscionable acts and practices, to provide strong and effective remedies, both public and private, to assure that consumers will recover any damages caused by such acts and practices, and to eliminate any monetary incentives for suppliers to engage in such acts and practices." *Id.*, quoting 137 Ohio Laws, Part II, 3219. "An attorney may expend inordinately large amounts of time and energy pursuing a claim that reaps relatively small monetary benefits for a prevailing plaintiff." *Id.*

{¶58} "'The work of the attorney on appeal is part of the legal process of achieving and maintaining the judgment for the consumer. Disallowing attorney fees for appellate work undermines the purpose of the [CSPA].'" *Parker*, 2000-Ohio-151, at ¶ 9, fn. 1, quoting *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.*, 82 Ohio App.3d 764, 766 (2d Dist. 1991).

{¶59} R.C. 1345.09(F) limits a fee award to "work 'reasonably performed.'" *Bittner* at 145. Therefore, the basic method of calculating attorney fee awards under the statute is to determine the hours "'reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.*, quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). In *Bittner*, the attorneys "submitted well-documented time reports detailing the amount of

time they spent preparing for trial" and presented testimony as to the number of hours worked and the hourly fee. *Id.*

{¶60} However, the reasonable attorney fees could not include "time spent developing" a distinct claim that did not fall under the CSPA. *Id.* at 145. Where claims can be separated, "the trial court must award fees only for the amount of time spent pursuing the claim for which fees may be awarded." *Id.* When claims cannot be easily separated, the inability to separate out attorney fees does not render a fee award for claims related to CSPA violations unreasonable. *Lunar Lagoons L.L.C. v. Stephens*, 2025-Ohio-2389, ¶ 65 (3d Dist.).

{¶61} A trial court may, in its discretion, modify the award of attorney fees based on its "application of the factors listed in DR 2-106(B)," which was the rule governing attorney fees in effect at that time. *Bittner* at 145.

{¶62} Those factors are:

> the time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent.

*Id.* at 145-146.

**Prevailing party:**

{¶63} The issue of whether Appellant was the prevailing party on appeal is complicated by the number of appeals contrasted with the outcome on the merits of Appellant's CSPA claim. In short, Appellee has ultimately prevailed in every way in this

case because it was successful in its claim for $600.00 and successfully defended itself against Appellant's Counterclaim under the CSPA.

{¶64} However, there have been aspects of appellate proceedings that have resolved in favor of Appellant.

{¶65} In *Homestead I*, Appellant did obtain a judgment in its favor reversing the award of attorney fees. However, that appeal was interlocutory in nature. It did not directly deal with or resolve Appellant's CSPA claims. Despite this, Appellee was forced to defend the appeal because it arose during the course of Appellant's groundless and bad faith Counterclaim.

{¶66} In *Homestead II*, Appellee received a judgment in its favor affirming the trial court's decision granting judgment in his favor and denying Appellant's Counterclaim under the CSPA. However, the case was remanded on the issue of the trial court's failure to make a groundless and bad faith finding.

{¶67} In *Homestead III* and *Homestead IV*, we dismissed Appellant's appeals for lack of a final appealable order.

{¶68} To atomize each individual appeal and ask whether Appellee or Appellant was the prevailing party in the outcome would do a disservice to the purpose of awarding attorney fees to a prevailing party under the CSPA. The key is whether a *claim* prevailed, not a solitary interlocutory appeal. *See Buckhannon Bd. & Care Home*, 532 U.S. at 603.

{¶69} While Appellee may not have received a judgment in its favor in *Homestead I*, Appellant only received temporary relief from the trial court's judgment and never received any relief on "the merits of his claim." *Id*. Further, although Appellee could separate out the time spent on *Homestead I*, it cannot separate out the time spent

defending the underlying Counterclaim under the CSPA. This is the crucial distinction. There is no requirement that Appellee have the entire matter determined in its favor without a remand to be considered the prevailing party. *See Parker*, 2000-Ohio-151, at ¶ 12. It is not enough to be able to separate at phases of litigation and ask whether one party or another "prevailed" during that phase. Rather, we must determine whether Appellee prevailed in defending the CSPA claim.

{¶70} Appellee received a judgment in its favor in *Homestead II* confirming that judgment. Although the matter was remanded on the limited issue of the groundless/bad faith finding, Appellee was still the prevailing party. *See Parker* at ¶ 13. As described above, for purposes of awarding attorney fees under R.C. 1345.09(F), we have affirmed the trial court's judgment that Appellant's Counterclaim was groundless and maintained in bad faith. Having made that determination, without doubt, Appellee prevailed. *See Bittner*, 58 Ohio St.3d at 145.

**Reasonableness of fees:**

{¶71} Next we address whether the fee awarded was reasonable. Appellee's attorney, George Badovick, testified that he did not charge any fees on the small claims case. He said that "all of the fees are related to" Appellant's Counterclaim. He also reduced his total fee request by $750.00, which was the amount related to the appeal on sanctions that the parties resolved and which was voluntarily dismissed.

{¶72} This case has been in litigation for eight years and involves multiple appeals and motions. Attorney Badovick testified that the litigation has been draining and difficult, particularly given the original posture of the case filed in small claims court. Moreover, Appellant filed multiple professional grievances against Attorney Badovick, all of which

were found to be without merit. Attorney Badovick testified that his relationship with Appellee was extensive and that it was one of his first clients. He also said that he did not charge for "consulary" work in the case, such as phone calls or emails. Instead, he charged solely for research, briefing, filing, and court time.

{¶73} The relationship between the attorney fees and recovery is not material to whether the amount charged was reasonable. This is particularly so because Appellee was defending against Appellant's CSPA Counterclaim with "somewhere around 55 to $60,000.00" worth of risk. The amount of time expended to successfully defend that Counterclaim is unrelated to Appellee's $600.00 judgment obtained in its favor. *See Bittner*, 58 Ohio St.3d at 144.

{¶74} Attorney Badovick charged a fixed hourly rate of $250.00. He has been practicing law full time since 1993 and a member of the bar since 1983. Attorney Badovick said the he charged his "going rate" to Appellee. The trial court determined the $250.00 per hour rate was reasonable given Attorney Badovick's experience and noted that the rate had not changed during the eight years of litigation. The trial court, in relying on its own knowledge of a reasonable hourly rate, was within its discretion to make this determination. *See Mike Castrucci Ford Sales*, 2009-Ohio-4823, at ¶ 20 (12th Dist.).

{¶75} Appellee provided invoices that contained detailed billing descriptions with the date and time spent on the legal services rendered. Although submitting an itemized bill alone is insufficient to establish the reasonableness of the amount billed, Appellee provided Attorney Badovick's testimony and testimony from an office manager to support the invoices.

Case No. 2026-G-0007

{¶76} Given the above, the trial court did not abuse its discretion in ordering Appellant to pay $17,775.00 in total for Appellee's attorney fees in addition to the $600.00 judgment.

{¶77} Accordingly, Appellant's second assignment of error is without merit.

{¶78} For the foregoing reasons, the judgment of the Chardon Municipal Court is affirmed.


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.

concur.

Case No. 2026-G-0007

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgment of the Chardon Municipal Court is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-G-0007